ATHOL AND ENFIELD RAILROAD COMPANY *vs.* INHABITANTS OF PRESCOTT.

A subscriber for shares in the capital stock of a railroad company refused to pay the assessments on the shares; the company did not formally declare them forfeited, but procured subscriptions from other persons to the full amount of the capital stock. *Held*, that the company could not sell the shares and sue the subscriber for the difference between the assessment and the sum for which the shares were sold, under the Gen. Sts. *c.* 63, § 9.

CHAPMAN, C. J. The defendants subscribed $3240 in stock to the plaintiffs' railroad, which was assessed by the plaintiffs to the amount of $100 per share, and the defendants had notice thereof, but failed to pay. Thereupon other subscriptions were obtained, which were sufficient to make up $500,000, the shares being 5000 in number at $100 each, this being the capital stock as fixed by the directors; and 20 per cent. was paid on these shares, and a certificate was filed in the office of the secretary of the Commonwealth, in conformity with the Gen. Sts. *c.* 63, § 7. They have also sold the shares subscribed by the defendants, and bring this action to recover the balance.

The statute gives the corporation an alternative remedy in case subscriptions are not paid. By § 9, the shares may be sold, and if they do not bring a sum sufficient to pay the assessment, the balance may be collected by an action. By § 10 they may be declared forfeited, and may be transferred to any responsible person who will subscribe for the same. It does not appear that the directors have by any formal act declared the defendants' shares forfeited, but as they have obtained new subscribers for them, who hold them and have paid 20 per cent. upon them, and the whole

capital stock is taken up, there has been no stock left to sell at auction. The statute could not have intended the two provisions as a double remedy, because they are inconsistent with each other; and in this case either of them exhausts the whole of the stock which is to be disposed of. The effect of the sale, if valid, would be to create additional stock, which cannot be done in this manner. Nor can the action be sustained upon the original agreement to take stock; for the plaintiffs have, by disposing of the whole amount of their capital stock to other parties, disabled themselves from fulfilling the contract on their part.

*Judgment for the defendants.*

*P. E. Aldrich*, for the plaintiffs.

*M. P. Knowlton*, for the defendants.